

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

## NO. PD-0514-24

---

### MICHAEL DONELL GLOVER, Appellant

### v.

### THE STATE OF TEXAS

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### KAUFMAN COUNTY

---

**WALKER, J., filed a concurring opinion, in which SCHENCK, P.J., and FINLEY and PARKER, JJ., joined.**

### CONCURRING OPINION

I agree with the Court that the evidence was sufficient to support Appellant Michael Donell Glover's conviction for aggravated robbery with a deadly weapon, namely, his pocket knife. A pocket knife, although not "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury," can be something "that in the manner of its use or intended use is capable of causing death or serious bodily injury." *See* TEX. PENAL CODE Ann. § 1.07(a)(17).

I write separately because Appellant's "use" of the knife is somewhat confusing. Rather than point the knife at the complainant Parks and directly threaten him to let Appellant go with the stolen Buc-ee's bag, Appellant used his knife to cut the strap of the bag. Indeed, Parks testified that Appellant did not point his knife at him or swing the knife at him. But Parks's testimony is unclear about what Appellant did with the knife aside from cut the strap. There was no explanation how cutting the strap would have helped Appellant steal the bag, nor is there an explanation about how the cutting was done. How close were Appellant and Parks while Appellant was cutting the bag? Was Appellant carefully cutting the strap with the tip and blade pointed at himself? Or was he cutting the strap with the blade towards Parks? How close did the knife get to Parks? These questions are important because how the knife was used could make a difference in whether his pocket knife was, "in the manner of its use or intended use . . . capable of causing . . . serious bodily injury."

The Buc-ee's surveillance footage does not shed light on the answer. Although the video clearly captured Appellant arriving at the Buc-ee's, the theft inside of the store, his leaving the store and Parks's pursuit, and Appellant's eventual return to his car, the video unfortunately does not capture the encounter between Appellant and Parks. But it can be pieced together from the photographs of the bag. State's Exhibits 3, 4, 5, 6, and 8 show the Buc-ee's bag and the cut strap:



STATE'S EXHIBIT
3



PENGAD 800-631-6989 BW STATE'S EXHIBIT 4 6/7/23



STATE'S EXHIBIT 5 PENGAD 800-631-6989



STATE'S
EXHIBIT
6
PENGAD 800-631-6989
6/7/23



PENGAD 800-631-6989
STATE'S
EXHIBIT
8
6/7/23

From the photographs of the Buc-ee's bag, the strap that was cut is not a longer shoulder strap; instead, the strap that is cut is one of two hand straps on each side of the bag. The hand strap is not very large, only running across a portion of the side of the bag. Although Parks did not explain specifically how Appellant used the knife, if Appellant and Parks were each holding one of the straps, then Appellant's act of cutting the hand strap held by Parks would have necessarily put Appellant's knife close to Parks's hand.

What if Appellant and Parks were each holding separate straps, and Appellant cut the strap that *he* was holding? Cutting the strap that he was holding would have been counter-productive towards facilitating the theft of the bag because it would have given Parks an intact strap to hold and left Appellant with a damaged strap. And if Appellant and Parks were holding on to the same strap of the bag, the knife would have been in even closer proximity to Parks's hand. It may have been one thing if the strap Appellant used his knife to cut was a long shoulder strap on the end closest to himself. But Appellant cut a hand strap towards the middle of the strap close to where Parks's hand must have been. Certainly, if the knife was capable of cutting a nylon strap, it was capable of cutting Parks's hand.

I believe the evidence is therefore sufficient to show a deadly weapon from the knife's "manner of use," even if Appellant's only intended use of the knife was to cut the strap. Assuming that the "intended use" was solely to cut the strap and not to threaten Parks, cutting the strap right next to Parks's hand was certainly "capable of causing . . . serious bodily injury."

With these thoughts, I join the opinion of the Court.

Filed: April 16, 2025
Publish